WRITTEN RECORD OF PLEA AGREEMENT
U.S. MAGISTRATE JUDGE
FLAGSTAFF, ARIZONA

CASE NO.: 23-04091-MJ-01-PCT-CDB

UNITED STATES OF AMERICA v. **RUTH ANN CLINE**

**CITATION NUMBER(S):** 9572260 (A180)

**VIOLATION(S) PLEADING GUILTY TO:**
**Citation 9572260 (A180):** Unsafe Vehicle Operations in a Park Area, in violation of 36 C.F.R. § 4.22(b)(1), a Class B Misdemeanor.

MAXIMUM FINE (36 C.F.R. § 1.3(a)): $5,000.00
MAXIMUM IMPRISONMENT (36 C.F.R. § 1.3(a)): Six months
MAXIMUM PROBATION (18 U.S.C. § 3561): Five years
MANDATORY SPECIAL ASSESSMENT (18 U.S.C. § 3013): $10.00

**RULE 11(c)(1)(C), Fed. R. Crim. P., Stipulated Sentence:**
The Court shall be sentenced to one year of supervised probation. In addition to the mandatory and standard conditions of supervised probation set forth in General Order 17-18, as well as any terms of supervision the Court deems appropriate, the defendant shall abide by the following supervision conditions (with the specific language of those conditions to be in the discretion of the Court):
  1. You are banned from the Havasu National Wildlife Refuge, the Bill Williams River National Wildlife Refuge, and the Lake Mead National Recreation Area during the term of your supervision, with the exception of traveling through those areas on any federal, state, and/or local highways or roads.
  2. You must comply with any driver's license restrictions/conditions imposed by your licensing state.

The parties stipulate and agree that the submission of drug testing under Mandatory Condition #3 shall be suspended. Substance abuse testing shall be in the discretion of the probation officer.

Fine, in addition to the mandatory special assessment of $10.00, in the discretion of the Court but capped at $500.00.

**RESTITUTION:** The defendant shall pay restitution to the National Park Service (DOI Restitution Fund) in the amount of **$10,670.50**. Restitution shall be paid

through the Clerk of the Court and sent to the following address: Department of Interior Restoration Fund, IBC Division of Financial Management Services, Branch of Accounting Operations, ATTN Collections Officer, Mail Stop D-2770, 7401 West Mansfield Ave., Lakewood, CO 80235. The United States does not object to payments of not less than $200.00 per month.

**DISPOSITION OF ADDITIONAL CHARGES:** If the Court accepts the stipulated plea and sentence, the United States Attorney's Office agrees that it will: (1) not file any additional charges against the defendant concerning the events set forth in the probable cause statement for Citation 9572260; and (2) not refer the matter to state or local authorities for prosecution. There is nothing prohibiting the United States from providing information to the state, county, and/or local authorities if request.

**VICTIM(S) INFORMED OF AGREEMENT:** Not applicable.

**ELEMENTS OF OFFENSE(S):** On or about February 28, 2023, within the Lake Mead National Recreation Area, in the District of Arizona, the defendant did:

> **Unsafe Vehicle Operations:** operate a motor vehicle without due care or at a speed greater than that which is reasonable and prudent considering wildlife, traffic, weather, road and light conditions and road character. 36 C.F.R. § 4.22(b)(1).

**FACTUAL BASIS:** I admit that the following facts are true and correct to the best of my knowledge and belief:

> I admit that on or about February 28, 2023, I was within the boundaries of the Lake Mead National Recreation area, in Mojave County, in the District of Arizona. Specifically, I was operating a motor vehicle that had a trailer on it, and I drove that vehicle (including the trailer) into a river near the Pierce Ferry Road boat launch area. I admit that my actions were unsafe, that I operated the motor vehicle without due care, and that the vehicle (including the trailer) got stuck. This will require the National Park

Service to incur recovery costs to remove the vehicle and trailer from the river.

I hereby plead guilty to the charges set forth above.

The defendant shall swear under oath to the accuracy of this statement and, if the defendant should be called upon to testify about this matter in the future, any intentional material inconsistencies in the defendant's testimony may subject the defendant to additional penalties for perjury or false swearing, which may be enforced by the United States under this agreement.

If the defendant's guilty plea or plea agreement is rejected, withdrawn, vacated, or reversed at any time, this agreement shall be null and void, the United States shall be free to prosecute the defendant for all crimes of which it then has knowledge and any charges that have been dismissed because of this plea agreement shall automatically be reinstated. In such event, the defendant waives any and all objections, motions, and defenses based upon the Statute of Limitations, the Speedy Trial Act, or constitutional restrictions in bringing later charges or proceedings. The defendant understands that any statements made at the time of the defendant's change of plea or sentencing may be used against the defendant in any subsequent hearing, trial, or proceeding subject to the limitations of Fed. R. Evid. 410.

I have carefully reviewed every part of this statement with my attorney. I understand it, and I voluntarily agree and enter into it.

I, **Ruth Ann Cline**, understand that the above sentencing provision is binding upon the Court if the court accepts my guilty plea under this plea agreement.

By pleading guilty, I will be giving up my rights: to plead not guilty; to confront, cross-examine and compel the attendance of witnesses; to present evidence in my defense; to remain silent and refuse to be a witness against myself by asserting my privilege against self-incrimination – all with the assistance of counsel – and to be presumed innocent until proven guilty beyond a reasonable doubt.

I waive my right to trial, agree to enter my plea before and to be sentenced by a U.S. Magistrate Judge, and waive any right to appeal or otherwise challenge my conviction. In particular, the defendant waives (1) any and all motions, defenses, probable cause determinations, and objections that the defendant could assert to the indictment, the complaint, the information, or the citation; and (2) any right to file an appeal, any collateral attack, and any other writ or motion that challenges the conviction, an order of restitution or forfeiture, the entry of judgment against the defendant, or any aspect of the defendant's sentence, including the manner in which

the sentence is determined, including (but not limited to) any appeals under 18 U.S.C. § 3742 (sentencing appeals) and motions under 28 U.S.C. §§ 2241 and 2255 (habeas petitions), and any right to file a motion for modification of sentence, including under 18 U.S.C. § 3582(c). This waiver shall result in the dismissal of any appeal, collateral attack, or other motion the defendant might file challenging the conviction, order of restitution or forfeiture, or sentence in this case. This waiver shall not be construed to bar an otherwise-preserved claim of ineffective assistance of counsel (if applicable) or of "prosecutorial misconduct" (as that term is defined by Section II.B of Ariz. Ethics Op. 15-01 (2015)).

The nature of the charge(s) and the possible penalties have been explained to me, and there is a factual basis for each charge to which I am pleading guilty. I understand that the Court may later modify the terms and conditions of any probation or supervised release ordered as part of my sentence. I have further been advised by my attorney of the nature and range of the possible sentence and that my ultimate sentence shall be determined by the Court after consideration of the advisory Sentencing Guidelines (to the extent applicable), the factors set forth in 18 U.S.C. § 3553, and any stipulations set forth in this plea agreement. I further understand and agree that, to the extent applicable, any recommended Sentencing Guidelines Calculations are not binding on the Court.

As an offense listed under 18 U.S.C. § 3663A(c)(1) gave rise to the plea agreement, pursuant to 18 U.S.C. § 3663A, the defendant specifically agrees to pay restitution, in the amount **$10,670.50**, to the National Park Service (DOI Restoration Fund), a victim directly or proximately harmed by the defendant's "relevant conduct," including conduct pertaining to any dismissed counts or uncharged conduct, as defined by U.S.S.G. § 1B1.3, regardless of whether such conduct constitutes an "offense" under 18 U.S.C. §§ 2259, 3663, or 3663A. The defendant understands that such restitution will be included in the Court's Order of Judgment and that an unanticipated restitution amount will not serve as grounds to withdraw the defendant's guilty plea or to withdraw from this plea agreement.

Pursuant to 18 U.S.C. § 3613, all monetary penalties, including restitution imposed by the Court, shall be due immediately upon judgment, shall be subject to immediate enforcement by the United States, and shall be submitted to the Treasury Offset Program so that any federal payment or transfer of returned property the defendant receives may be offset and applied to federal debts (which offset will not affect the periodic payment schedule). The United States does not object to payments of not less than **$200.00** per month, with the caveat that if the Court imposes a schedule of payments, the schedule of payments shall be merely a schedule of minimum payments and shall not be a limitation on the methods available to the United States to enforce the judgment.

My guilty plea is not the result of force, threats, or promises other than any promises contained in this written agreement.

**I am not under the influence of alcohol or drugs, and I am fully capable of understanding this agreement. I enter into this agreement knowingly and voluntarily.**

_____ /s/ for          4/16/24
Ruth Ann Cline                              Date
Defendant

_____                   4/16/24
Sarah Erlinder, AFPD                        Date
Attorney for Defendant

_____                   4-16-2024
Paul V. Stearns                             Date
Assistant United States Attorney

_____                   April 16, 2024
Camille D. Bibles                           Date
U.S. Magistrate Judge

__✓__ ACCEPTED     _____ REJECTED